# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-10497 (CTG)<br><br>(Jointly Administered) |
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>COMMAND INDUSTRIES INC.,<br><br>        Defendant. | Adv. Case No. 25-50531 (CTG) |
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>DAY & ROSS INC,<br><br>        Defendant. | Adv. Case No. 25-50533 (CTG) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The Debtors have sold substantially all of their assets, and their remaining assets have vested in the Structurlam Liquidating Trust. The Structurlam Liquidating Trust and Liquidating Trustee may be contacted through undersigned counsel.

| | |
|---|---|
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST,<br><br>               Plaintiff,<br>   v.<br><br>HEXION INC. AND HEXION CANADA INC.,<br><br>               Defendants. | Adv. Case No. 25-50536 (CTG) |
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST,<br><br>               Plaintiff,<br>   v.<br><br>MONASHEE MANUFACTURING CORPORATION LTD.,<br><br>               Defendant. | Adv. Case No. 25-50537 (CTG) |
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST,<br><br>               Plaintiff,<br>   v.<br><br>PACIFIC BOLT MANUFACTURING LTD.,<br><br>               Defendant. | Adv. Case No. 25-50538 (CTG) |

**LIQUIDATING TRUSTEE'S MOTION FOR AN ORDER<br>EXTENDING TIME TO EFFECT SERVICE OF THE COMPLAINT**

Pursuant to Article VIII of the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* [D.I. 517] (the "Plan")[2] and the Trust Agreement, Heather L. Barlow, solely in her capacity as liquidating trustee (the "Liquidating Trustee") of the Structurlam Liquidating Trust (the "Liquidating Trust"), by and through her undersigned counsel, hereby submits this motion (the "Motion") as follows on behalf of the Liquidating Trust:

## RELIEF REQUESTED

1. Out of an abundance of caution, the Liquidating Trustee files this Motion and respectfully requests the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the time within which to effect service of the Complaints (as defined below) by ninety (90) days to October 14, 2025, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to the above-captioned adversary proceedings (the "Avoidance Actions") by Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The time to effect service of process in the Avoidance Actions is set to expire on July 16, 2025, pursuant to Federal Rule 4(m), because the Complaints were filed on April 17, 2025. Notably, Federal Rule 4(m) provides that its time limit does not apply to effecting service in a foreign country under Federal Rules 4(f), 4(h)(2), or 4(j)(1). Out of an abundance of caution the Motion requests this relief to afford the Liquidating Trustee additional time to effect service on certain defendants located in Canada. Accordingly, for the reasons set forth herein, the Liquidating Trustee respectfully seeks an extension of the deadline to

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

3

effect service of process on the defendants listed on **Exhibit 1** (the "Defendants") attached to the Proposed Order.

## JURISDICTION

2. The Court has jurisdiction over these Avoidance Actions pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Bankruptcy Rule 7008 and rules 7008-1 and 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Liquidating Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein is section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004 and 9006, and Federal Rule 4(m).

## BACKGROUND

5. On April 21, 2023 ("Petition Date"), Structurlam Mass Timber U.S., Inc. and certain of its affiliates (collectively, "Debtors") each filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), initiating their chapter 11 proceedings (collectively, "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). The Debtors continued to operate their business and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code during the time period of the Petition Date and the Effective Date (as defined below).

6. By order dated December 19, 2023 (the "Confirmation Order"), the Bankruptcy Court confirmed the Debtors' *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* [D.I. 517] (the "Plan").

7. On January 11, 2024 (the "Effective Date"), the Debtors' filed the *Notice of (I) Entry of Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al. and (II) Effective Date* [D.I. 579], stating that all conditions precedent to effectiveness pursuant to Article X.B of the Plan had been satisfied or waived.

8. Pursuant to Article VIII.D.1 of the Plan, on the Effective Date, the Structurlam Liquidating Trust was established pursuant to that certain *Liquidating Trust Agreement*, dated January 5, 2024 (the "Trust Agreement"), which is substantially like the draft Trust Agreement filed with the Bankruptcy Court on December 14, 2023 [D.I. 526].

9. The Trust Agreement appointed Heather Barlow (the "Liquidating Trustee") as the Structurlam Liquidating Trust's trustee.

10. Pursuant to the Trust Agreement § 2.1(a), the Liquidating Trustee has the power and responsibility to exercise all power and authority that may be or could have been exercised and take all actions that may be or could have been taken by the Debtors with like effect as if authorized, exercised, and taken by unanimous action of the Debtors' partners, members, officers, directors and equity holders.

11. Since the Avoidance Actions were filed on April 17, 2025, the Liquidating Trustee has worked diligently to complete service of such actions. Below is a chart that summarizes the status of the Avoidance Actions.

| Defendant | Adversary Case No. | Status |
|---|---|---|
| Command Industries Inc. | 25-50531 (CTG) | Settled in principle; 9019 Motion filed. |
| Day & Ross Inc. | 25-50533 (CTG) | Settlement discussions ongoing. |
| Hexion Canada Inc. | 25-50536 (CTG) | Settled in principle. |
| Monashee Manufacturing Corporation Ltd. | 25-50537 (CTG) | Answer Filed. |
| Pacific Bolt Manufacturing Ltd. | 25-50538 (CTG) | Settled in principle. |

12. As of the date of this filing, service has been attempted through first class international mail for the Defendants, but the Liquidating Trustee has not received proof of service for such Defendants. Moreover, the Liquidating Trustee and all but one of the Defendants have resolved or are actively working to resolve these Avoidance Actions via settlement.

## BASIS FOR RELIEF

13. Although the time limitation to effect service established under Federal Rule 4(m) may not apply to the Liquidating Trustee's efforts to serve the Canadian Defendants in the Avoidance Actions, out of an abundance of caution the Liquidating Trustee requests a ninety (90) day extension. Bankruptcy Rule 9006(b)(1) provides that the court may—at any time and for cause—extend the time to act if:

> (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Fed. R. Bankr. P. 9006(b). Courts are generally inclined to be liberal in granting extensions of time sought before the period to act has elapsed, so long as the moving party has not been negligent or acted in bad faith and the privilege of extensions has not been abused. 10A *Collier on Bankruptcy* ¶ 9006.06 (16th 2025).

14. The Third Circuit has set forth a two-step inquiry for courts to apply when determining whether to extend the time for service of a complaint under Rule 4(m). *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *see Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). First, upon a showing of good cause for the delayed service, the court must extend the time period. *Boley v. Kaymark*, 123 F.3d at 758. Second, if good cause does not exist, the court may exercise its discretion to extend the time period. *See id.*

15. Here, good cause exists for extending the time within which the Liquidating Trustee must effect service of process on the Defendants in the Avoidance Actions. Good cause is determined by plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay. *Farrace v. U.S. Dep't of Just.*, 220 F.R.D. 419, 420–21 (D. Del. 2004) (citing *U.S. v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)); *see also Sunniland Fruit Co., Inc. v. PMI Produce Corp., Inc.*, 2001 WL 761174, at *2 (S.D.N.Y. July 6, 2001). The Liquidating Trustee has attempted to serve process on all of the Defendants in the Avoidance Actions and has been successful in serving the domestically domiciled Defendants. Despite these efforts, however, there remain Defendants for whom the Liquidating Trustee has not yet received proof of service. Such Defendants who may not have been formally served are domiciled in Canada, which poses additional challenges to the Liquidating Trustee in effecting service. As a result, the Liquidating Trustee seeks to extend the deadline to effect service of process by ninety (90) days in the interest of due process. While the Liquidating Trustee and all but two of the Defendants are in the process of negotiating a settlement and expect to meet a consensual resolution, the Liquidating Trustee requires additional time to ensure that all Defendants are properly served. The Liquidating Trustee is considering serving the Defendants under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"), if

7

service is not properly effected, but requires additional time in order to determine whether this step is required in light of the ongoing settlement discussions. The Liquidating Trustee has received informal responses from all of the Defendants, including the Canadian Defendants. However, more time is required to serve all of them formally.

16. Alternatively, even if the Court were to find that good cause does not exist, the Liquidating Trustee respectfully requests that the Court exercise its discretion to extend the time to effect service. The Court has broad power to control its schedule and its own docket. *Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 255 (1936)). In exercising its discretion, the court may consider actual notice of the legal action, prejudice to the defendant, the statute of limitations on the underlying cause of action, the conduct of the defendant, whether the plaintiff is represented by counsel, and any other factor that may be relevant. *Chiang v. U.S. Small Bus. Admin.*, 331 F.App'x 113, 116 (3d Cir. 2009).

17. Here, the Defendants, including those domiciled in Canada, have received actual notice of the legal action, none of the Defendants will be prejudiced by the requested extension, and a majority of the Defendants have elected to engage in settlement discussions with the Liquidating Trustee. With respect to one Defendant, Monashee Manufacturing Corporation Ltd., it has retained counsel and filed an answer. Therefore, even if the Court were to find to find the good cause does not exist, in exercising its discretion, the Court should grant the requested extension.

## NOTICE

18. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the above-captioned Defendants; and (iii) all parties

requesting notice and service in the above-captioned adversary proceedings pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline to effect service of process, and granting to the Liquidating Trustee such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 14, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Brenna A. Dolphin*<br>Donna L. Culver (No. 2983)<br>Matthew B. Harvey (No. 5197)<br>Brenna A. Dolphin (No. 5604)<br>1201 N. Market St., 16th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 658-9200<br>Email: dculver@morrisnichols.com<br>         mharvey@morrisnichols.com<br>         bdolphin@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br>*Heather L. Barlow as Liquidating Trustee*<br>*of the Structurlam Liquidating Trust* |