**Exhibit A**

**Proposed Scheduling Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC. *et al*,[1] | Case No. 23-10497 (CTG) |
| Debtor. |  |
| HEATHER L. BARLOW AS LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST, |  |
| Plaintiff, | Adversary Case No. 25-50537 (CTG) |
| v. |  |
| MONASHEE MANUFACTURING CORPORATION LTD., |  |
| Defendant. |  |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following schedule shall apply.

**IT IS HEREBY ORDERED** that:

1. Any further extension of time to plead or move in response to the complaint must be done by motion and must be filed with the Court prior to the expiration of the deadline to be extended.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The Debtors have sold substantially all of their assets, and their remaining assets have vested in the Structurlam Liquidating Trust. The Structurlam Liquidating Trust and Liquidating Trustee may be contacted through undersigned counsel.

2. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, is hereby waived. Further, the parties are not required to file a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

3. The exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1) is hereby waived.

4. All fact discovery shall be completed no later than one hundred eighty (180) days after the first answer or other responsive pleading is filed.

5. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred forty (140) days after an answer or other responsive pleading to the complaint is filed. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than one hundred forty (140) days after an answer or other responsive pleading to the complaint is filed. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided no later than one hundred sixty (160) days after an answer or other responsive pleading to the complaint is filed. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff no later than one hundred seventy (170) days after an answer or other responsive pleading to the complaint is filed. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than one hundred eighty (180) days after an answer or other responsive pleading to the complaint is filed.

6. No later than one hundred twenty (120) days after the answer or other responsive pleading to the complaint is filed, the parties shall file a Stipulation Regarding the

Appointment of a Mediator or a statement that the parties cannot agree on a mediator and request that the Court select and appoint a mediator to the proceeding.

7.      Within forty-five (45) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8.      All dispositive motions shall be filed and served no later than thirty (30) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9.      The parties shall comply with Judge Goldblatt's chambers procedures.

10.     The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial ninety (90) days after the entry of such order, or as soon thereafter as the Court's calendar permits.

11.     Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of the adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as possible.  The Plaintiff shall file a status report forty-five (45) days after the date of this Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of the adversary proceeding.  Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

4

12.     Unless provided otherwise, deadlines contained in this Order may be extended by agreement of the parties, as reflected in an amended order submitted under certification of counsel.

13.     Plaintiff shall serve this Order on each Defendant within five (5) business days after the entry of this Order.